J-S30020-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| SHAMAR ALMAR MCCOWIN | |
| Appellant | No. 1809 MDA 2016 |

Appeal from the PCRA Order October 4, 2016
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0003715-2013

BEFORE:  SHOGAN, J., RANSOM, J., and MUSMANNO, J.

MEMORANDUM BY RANSOM, J.:                    **FILED JUNE 27, 2017**

Appellant, Shamar Almar McCowin, appeals from the order entered October 4, 2016, denying his petition for collateral relief filed under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546.  Additionally, Appellant's appointed counsel, Heather A. Reiner, Esquire, has filed a petition to withdraw and accompanying no-merit letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  We grant counsel's petition to withdraw and affirm.

In February 2014, a jury convicted Appellant of second degree murder, robbery, and criminal conspiracy.[1]  In March 2014, Appellant was sentenced

---

[1] ***See*** 18 Pa.C.S. §§ 2502(b), 3701, and 907, respectively.

to life imprisonment. Appellant filed a post-sentence motion, which the court denied.

Appellant timely appealed, but the appeal was dismissed by this Court for failure to comply with Pa.R.A.P. 3517. *See* Order, 9/25/14, 1318 EDA 2014. The trial court reinstated Appellant's direct appeal rights, as the failure to comply with Pa.R.A.P. 3517 was due to a miscommunication between the trial court and appointed counsel. *See* PCRA Court Opinion (PCO), 11/30/16, at 1-2. Appellant timely appealed, and his judgment of sentence was affirmed by this Court. *See Commonwealth v. McCowin*, 134 A.3d 489 (Pa. Super. 2015). Appellant did not pursue review in the Pennsylvania Supreme Court.

In March 2016, Appellant timely filed a petition seeking post-conviction relief. Counsel was appointed and filed an amended petition on Appellant's behalf. Following a hearing at which Appellant and trial counsel Marc Semke testified, the court dismissed Appellant's petition.[2]

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The PCRA court issued a responsive opinion.

_____

[2] The trial court notes that the hearing was held on October 4, 2016, despite the fact that the transcript erroneously lists the date of the hearing as November 3, 2016. *See* PCO at 2.

Counsel notes the following issues were raised in the petition and preserved for appellate review:

> 1. The PCRA court committed an error of law when it denied relief on the basis that Appellant's trial counsel [failed] to call Albert McCowin as an alibi witness at trial.
>
> 2. The PCRA court committed an error of law when it denied relief on the basis that appellate counsel was ineffective for failing to raise the lower court's denial of the suppression motion in its direct appeal.

*See Turner/Finley* Letter, 2/1/17, at 5-6.

Prior to the consideration of Appellant's issues, we must consider Attorney Reiner's request to withdraw from representation. Pursuant to *Turner/Finley*, independent review of the record by competent counsel is required before withdrawal on collateral appeal is permitted. *Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa. 2009).

Counsel is required to submit a "no merit" letter (1) detailing the nature and extent of his or her review; (2) listing each issue the petitioner wished to have reviewed; and (3) providing an explanation of why the petitioner's issues were meritless. *Id.* This Court then conducts its own independent review of the record to determine whether the petition is meritless. *Id.* Additionally, counsel must sent to the petitioner "(1) a copy of the 'no-merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007) (citation omitted).

Our review of the record reveals that Attorney Reiner has complied with the requirements of **Pitts**. She sent Appellant copies of the no-merit letter and her petition to withdraw, and she advised him of his right to proceed *pro se* or with new counsel in the event her petition was granted. **See Commonwealth v. Widgins**, 29 A.3d 816, 818 (Pa. Super. 2011). As Attorney Reiner has complied with these requirements, we proceed to our independent review of the record and the merits of Appellant's claims.

We review an order denying a petition under the PCRA to determine whether the findings of the PCRA court are supported by the evidence of record and free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's findings deference unless there is no support for them in the certified record. **Commonwealth v. Brown**, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing **Commonwealth v. Anderson**, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

We presume counsel is effective. **Commonwealth v. Washington**, 927 A.2d 586, 594 (Pa. 2007). To overcome this presumption and establish the ineffective assistance of counsel, a PCRA petitioner must prove, by a preponderance of the evidence: "(1) the underlying legal issue has arguable merit; (2) that counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission." **Commonwealth v. Johnson**, 966 A.2d 523, 533 (Pa. 2009) (citations omitted). "A petitioner establishes prejudice when he demonstrates that there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different. *Id.* A claim will be denied if the petitioner fails to meet any one of these requirements. ***Commonwealth v. Springer***, 961 A.2d 1262, 1267 (Pa. Super. 2008) (citing ***Commonwealth v. Natividad***, 938 A.2d 310, 322 (Pa. 2007)); ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008).

First, Appellant contends that counsel was ineffective for failure to call alibi witnesses on his behalf, namely, Appellant's father. ***See Turner/Finley*** Letter at 4; ***see also*** Amended PCRA Petition, 8/4/16, at 1-3.

> The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.

***Commonwealth v. Pander***, 100 A.3d 626, 631 (Pa. Super. 2014) (*en banc*) (citations omitted). To establish a claim that counsel was ineffective for failing to investigate or call witnesses, an appellant must meet four prongs: 1) identify the witnesses; 2) demonstrate that defense counsel knew of the existence of those witnesses prior to trial; 3) demonstrate the witnesses would have provided material evidence at the time of trial; and 4) establish the manner in which the witnesses would have been helpful to his or her case. ***See Commonwealth v. Poindexter***, 646 A.2d 1211, 1216 (Pa. Super. 1994).

At the evidentiary hearing, Appellant testified he requested that trial counsel present his father and brothers as alibi witnesses. *See* Notes of Testimony (N.T.), 10/4/16, at 8-12. Appellant claimed these witnesses would have testified they were with Appellant at the M&M Lounge at the time of the crime. *Id.* Appellant's father, Albert McCowin, testified that he spoke with an investigator assisting Attorney Semke and told him that he was with Appellant the night of the murder. *Id.* at 19-20. However, Attorney Semke testified that he spoke many times with Mr. McCowin, and was never informed of a potential alibi defense. *Id.* at 29-32. Attorney Semke was concerned that calling Mr. McCowin to the stand would be detrimental to Appellant's defense, and ultimately, he did not call him. *Id.*

Here, the PCRA court found Attorney Semke's testimony credible, and accepted this explanation as a reasonable basis to not present the testimony of Mr. McCowin. *See* PCRA Court Opinion, 10/4/16, at 2-3. We defer to the court's credibility determination and findings, as they are supported by the record. *See Brown*, 48 A.3d at 1277. Based on the above, Appellant cannot establish that this testimony would have been helpful to his case. *Poindexter*, 646 A.2d at 1216. Further, counsel's decision not to call Appellant's father and brothers as alibi witnesses had a reasonable, objective basis. *See Pander*, 100 A.3d at 631. Consequently, this Court discerns no legal error in the PCRA court's denial of Appellant's claim of ineffective

assistance of counsel for failure to call Appellant's parents as alibi witnesses. **See Ragan**, 923 A.2d at 1170.

Next, Appellant claims that the PCRA court committed an error of law when it denied relief on the basis that appellate counsel was ineffective for failing to raise the lower court's denial of the suppression motion in its direct appeal. **See Turner/Finley** Letter at 6; **see also** Amended PCRA Petition, 8/4/16, at 1-3. At the hearing, the parties stipulated that appellate counsel, Korey Leslie, did not appeal the denial of the motion to suppress because he believed the issue lacked merit. **See** N.T., 10/4/16, at 3.

Our standard of review when addressing a challenge to the denial of a suppression motion "is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct." **Commonwealth v. Jones**, 988 A.2d 649, 654 (Pa. 2010) (citations omitted). Where these findings are supported by the record, we are bound by those findings and may reverse only if the court's legal conclusions are erroneous. **Id.**

At the suppression hearing, Detective Travis Sowers testified that a boot print was recovered from the scene of the crime. **See** N.T., 10/22/13, at 27. Detective Sowers then went to the booking station to speak with Appellant, who was in custody on outstanding summary warrants. **Id.** at 27-28. Detective Sowers asked Appellant for his boots and informed Appellant it was in connection with a homicide investigation. **Id.** Appellant

stated that Detective Sowers could have the boots, and he did not want them back. *Id.* Accordingly, the suppression court denied the motion, finding 1) that Appellant was subject to a valid arrest at the time, and 2) Detective Sowers had permission from Appellant to take the boots. *Id.*

Based on the above, the claim lacks arguable merit, as the suppression court's findings were supported by the record. *See Jones*, 988 A.2d at 654. Counsel cannot be ineffective for failure to raise a meritless claim. *Commonwealth v. Fears*, 86 A.3d 795, 804 (Pa. 2014).

The record supports the PCRA court's findings and its order is otherwise free of legal error, and we agree with counsel that Appellant's claims lack merit. Accordingly, we grant counsel's application to withdraw and affirm the order of the PCRA court.

Petition to withdraw granted. Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/27/2017